UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONDI THROW,

        Plaintiff,

vs.

        CASE NO.:

TAMPA BRASS AND ALUMINUM
CORPORATION.

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DONDI THROW ("Mr. Throw" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, TAMPA BRASS AND ALUMINUM CORPORATION., a Florida profit corporation ("TBAC" or "Defendant") and alleges the following:

1. Plaintiff brings these claims for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"), and the Americans with Disabilities Act of 1990, as amended. *42 U.S.C. § 12101 et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2. The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.* The Court has supplemental jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1367, as this claim is so

related to Plaintiff's ADA claim that it forms part of the same case or controversy. Specifically, Plaintiff was discriminated against and treated differently than other employees solely because of his disability, and/or "perceived disability."

## VENUE

3. Venue is proper because Defendant conducts substantial business in Hillsborough County, Florida, and Plaintiff worked for Defendant in Hillsborough County, Florida, where the actions at issue took place.

## PARTIES

4. Plaintiff is a disabled male. During all times relevant, Plaintiff lived in Hillsborough County, Florida. Plaintiff is protected by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered adverse employment action and was subjected to an increasingly hostile work environment/discrimination as a result of his disability or "perceived disability."

5. Defendant was at all material times an "employer" as envisioned by the ADA as well as §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

6. Plaintiff, on or about June 6, 2019, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission of Human Rights ("FCHR") against Defendant.

7. More than 180 days have passed since the time of this filing.

8. On January 11, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue

2

against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

9. Plaintiff timely files this action within the applicable period of limitations against Defendant.

10. All conditions precedent to this action have been satisfied and/or waived.

**GENERAL ALLEGATIONS**

11. Mr. Throw worked as an Air Grinder for TBAC from July 2018, until his unlawful termination on August 14, 2018.

12. Mr. Throw was an exemplary employee and had no history of attendance, performance, or disciplinary issues during his unfortunately short tenure.

13. Unfortunately, on August 9, 2018, while he was getting ready to go into his scheduled shift at TBAC, Mr. Throw noticed severe and painful chest pains.

14. Immediately, Mr. Throw's wife rushed him to the hospital for evaluation.

15. Mr. Throw's physician diagnosed him with five (5) masses in his liver, one (1) in his spine, and a cyst in his kidney, and released him to return to work on August 13, 2018, without restriction.

16. At the hospital, Mr. Throw called Defendant's Supervisor, Mr. Lopez, to inform the latter of Mr. Throw's medical emergency, and his expected return to work date.

17. Shockingly, Mr. Lopez informed Mr. Throw that Plaintiff was no longer an employee of TBAC and that he must contact Defendant's Human Resources ("HR") department.

18. Afraid that he had lost his job, Mr. Throw called HR Representative, Ms. Kathy, who informed Plaintiff that he would be able to return to work on August 13,

2018, as long as he provided a doctor's note.

19. On August 13, 2018, while on his way to work, Mr. Throw began to suffer from sever nausea and vomiting.

20. Worried about his health, Mr. Throw headed back to the hospital.

21. Despite his medical emergency, Mr. Throw instructed his wife to call Ms. Kathy and inform her of Plaintiff's medical emergency.

22. Mrs. Throw called Ms. Kathy and left a voicemail explaining Plaintiff's medical emergency and inability to attend work that day due to same.

23. On August 14, 2018, Mr. Throw returned to TBAC for his scheduled shift.

24. As promised, Mr. Throw approached Ms. Kathy and provided her with all of his medical documentation for the reason for his absences.

25. Instead of inquiring into his well-being and engaging in the interactive process required by the ADA/FCRA, Ms. Kathy terminated Mr. Throw for his disability-related absences.

26. Despite the availability of reasonable accommodation under the ADA and FCRA, and despite the fact that Mr. Throw would not be prevented by his disability/medical condition to any degree in performing the duties of an Air Grinder, TBAC discriminated against Mr. Throw based solely upon his disability.

27. Mr. Throw is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as an electrician's apprentice.

28. Mr. Throw did not need, or seek, any accommodation so drastic.

29. Instead, as he discussed with Mr. Lopez and Ms. Kathy, he simply needed to be excused for absences due to his hospital visits, and could return to work without

restrictions.

30. This accommodation would have imposed no undue hardship on TBAC.

31. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the Florida Civil Rights Act.

32. A short leave of absence is considered a reasonable accommodation under the ADA and FCRA.

33. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

34. Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same without restrictions.

35. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

36. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

37. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

38. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

39. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is the member of protected classes as envisioned by the ADA and the Florida Civil Rights Act.

40. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability."

## COUNT I:

### AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

41. Plaintiff realleges and adopts the allegations contained in paragraphs 1-40 as if fully set forth in this Count.

42. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination/harassment under the ADA.

43. The discrimination/harassment to which Plaintiff was subjected was based on his disability and/or "perceived disability."

44. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

45. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

47. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

48. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

49. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

50. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

51. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

52. Provide any additional relief that this Court deems just.

## COUNT II:

### AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

53. Plaintiff realleges and adopts the allegations contained in paragraphs 1-40, as if fully set forth in this Count.

54. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

55. The discrimination to which Plaintiff was subjected was based on his disability, or "perceived disability."

56. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

59. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### **REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

60. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

61. Requiring that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

62. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

63. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

64. Provide any additional relief that this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 23rd day of February, 2021.

                                            Respectfully submitted,

                                            /s **Noah E. Storch**_____
Noah E. Storch, Esquire
Florida Bar No. 0085476
E-mail: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

9