UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONDI THROW,

    Plaintiff,

v.   Case No. 8:21-cv-424-JLB-CPT

TAMPA BRASS AND ALUMINUM
CORPORATION,

    Defendant.
_____/

# ORDER

This matter comes before the Court sua sponte. On February 23, 2021, Plaintiff Dondi Throw filed suit against Defendant Tampa Brass and Aluminum Corporation, raising discrimination claims under the Americans with Disabilities Act and Florida Civil Rights Act. (Doc. 1.) The Court entered a case management and scheduling order, setting a discovery deadline on January 31, 2022 and mediation deadline on February 14, 2022. (Doc. 14.)

On February 16, 2022, Plaintiff's counsel filed a "Notice of Suggestion of Death of Dondi Throw" in which he advised "[i]n accordance with Rule 25(a)" of the Federal Rules of Civil Procedure that Plaintiff passed away "during the pendency of this action." (Doc. 21.) On March 24, 2022, Defendant then filed its own "Suggestion of Death Upon the Record Under Rule 25(a)(1)." (Doc. 24.) Despite its efforts to "communicate with the personal representative (if any) of the decedent Plaintiff for service of the Suggestion of Death," Defendant has been unable to do so.

(Doc. 26 at 1; see also Doc. 30 at 2–3; Doc. 32 at 1.)  Defendant further advises that no mediation was conducted by the deadline and that Plaintiff had failed to respond to outstanding discovery requests.  (Doc. 30 at 1–2.)

Accordingly, more than ninety days after the notices of suggestion of death were filed, the Court ordered Plaintiff to show cause on or before July 25, 2022 "as to why the action should not be dismissed for failure to file a motion for substitution under Federal Rule of Civil Procedure 25, or dismissed for a failure to prosecute based on, among other things, a failure to participate in court-ordered mediation and respond to discovery requests."  (Doc. 31 (citations omitted).)  In light of the case history, the Court permitted a response by Plaintiff's estate, through counsel. (Id.)  No response was filed by Plaintiff or Plaintiff's estate, and the time to file a response has expired.[1]

Accordingly, this action is **DISMISSED without prejudice**.  See M.D. Fla. Local Rule 3.10; see also Powell v. United States, 800 F. App'x 687, 705 (11th Cir. 2020) (affirming dismissal where "by every indication [decedent] had no

---

[1] Plaintiff's counsel filed a response "to ensure compliance with the Court's Order, but understands that he can't take substantive action given the posture of the case, namely the death of Plaintiff."  (Doc. 32 at 2); see e.g., Schmidt v. Merrill Lynch Tr. Co., No. 5:07-cv-382-OC-10GRJ, 2008 WL 2694891, at *3 (M.D. Fla. June 30, 2008) (noting in context of Rule 25(a) that "[a]n attorney's agency to act on behalf of a client terminates upon that client's death").  In all events, Plaintiff's counsel confirms that Plaintiff "passed prior to the scheduled mediation and prior to providing responses to outstanding discovery," that "no personal representative was appointed and/or no estate opened," and that Plaintiff's counsel "has been, and still is, unable to prosecute the instant case."  (Doc. 32 at 1–2.)

2

representatives of his estate or successors"); Fed. R. Civ. P. 25(a)(1).  The Clerk is **DIRECTED** to terminate any pending deadlines and motions and close the file.

**ORDERED** in Tampa, Florida, on July 26, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE